UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER CRUZ-ZAVALA,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, et al.,<br><br>    Respondents. | Case No. 20-CV-06972-LHK<br><br>**AMENDED ORDER TO SHOW CAUSE** |

Petitioner, a detainee in civil immigration custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court orders Respondents to show cause why the petition should not be granted.[1]

## DISCUSSION

### I. STANDARD OF REVIEW

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

---

[1] This Amended Order to Show Cause supersedes ECF No. 5, which has been vacated.

1

Case No. 20-CV-06972-LHK
AMENDED ORDER TO SHOW CAUSE

1 or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate

2 only where the allegations in the petition are vague or conclusory, palpably incredible, or patently

3 frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting

4 *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

## II.     PETITIONER'S CLAIMS

Petitioner claims that: (1) his detention is excessive and therefore punitive in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution; (2) the Immigration Judge violated Petitioner's statutory and regulatory right to a constitutionally compliant bond hearing in violation of 8 U.S.C. § 1226(a); and (3) Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment of the United States Constitution because his removal is not significantly likely in the reasonably foreseeable future.  Liberally construed, Petitioner's allegations are sufficient to require a response.  The Court orders Respondents to show cause why the petition should not be granted as to these claims.

## CONCLUSION

1.     The Court's previous Order to Show Cause instructed the Clerk of the Court to serve by mail a copy of this order and the petition and all attachments thereto upon the Respondents and Respondents' attorney, and to serve a copy of this order on Petitioner.  *See* ECF No. 5.  Petitioner is represented by counsel, who is registered on ECF.  Because Petitioner is represented by counsel, the Court vacates the requirement that the Clerk's Office serve a copy of this order on Petitioner.  Moreover, because Petitioner is represented by counsel, Petitioner bears the burden of serving the petition and all attachments on Respondents.  The Court therefore vacates the requirement that the Clerk's Office serve Respondents.  The Court ORDERS Petitioner to file proof of service of the petition and all attachments on Respondents by November 20, 2020.[2]

---

[2] The Court notes that Respondents have made an appearance on the docket and are registered on ECF for this case.  *See* ECF No. 4.  Civil L.R 5-1(h)(1) allows for electronic service on ECF, "[e]xcept for electronically filed civil complaints and other case-initiating documents, which must

2

Case No. 20-CV-06972-LHK
AMENDED ORDER TO SHOW CAUSE

2.  Respondents shall file with the Court and serve on Petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondents shall file with the answer and serve on Petitioner a copy of all portions of the underlying record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondents within **thirty days** of the date the answer is filed.

3.  Respondents may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If Respondents file such a motion, Petitioner shall file with the Court and serve on Respondents an opposition or statement of non-opposition within **twenty-eight** days of the date the motion is filed, and Respondents shall file with the Court and serve on Petitioner a reply within **fourteen days** of the date any opposition is filed.

4.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 18, 2020

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

---

be served manually."

3

Case No. 20-CV-06972-LHK
AMENDED ORDER TO SHOW CAUSE